UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FRANK HENDRICKS, *as the surviving son of decedent*, SHIRLEY F. HENDRICKS,<br><br>Plaintiff,<br><br>vs.<br><br>N & R OF ELDON, INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:23-cv-156-MTS<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendants N & R of Eldon, Inc., Health Systems, Inc., and James Lincoln (collectively, "Defendants")'s Motion to Dismiss for Failure to File a Compliant Health Care Affidavit and Alternative Motion for In Camera Review, Doc. [39].  Plaintiff Frank Hendricks filed his Complaint alleging a wrongful death claim against all Defendants and an alter ego claim against James Lincoln.  Doc. [1] at 23, 28.  Plaintiff was granted leave to amend, and with his Amended Complaint, Doc. [28], Plaintiff filed three Affidavits of Merit, one for each Defendant, Docs. [36], [37] and [38].  Later, Defendants filed the present Motion to Dismiss claiming that the filed Affidavits of Merit were insufficient.  For the reasons discussed herein, the Court will deny Defendants' Motion.

## **Background**

Shirley F. Hendricks, who is now deceased ("Decedent"), was at risk of developing skin breakdown and pressure ulcers at the time of her admission to Defendant N & R of Eldon, Inc.'s care, a nursing facility located within Eldon, Missouri ("N & R").  Doc. [28] ¶¶ 1, 44.  During her time at N & R's facility, Decedent experienced both the development and progression of pressure injuries in her sacral/coccyx and heels due to prolonged contact with urine and feces.  *Id.* ¶¶ 45-46.  These pressure injuries became infected resulting in severe "sepsis and bacteremia," necessitating

hospitalization of the Decedent and subsequent antibiotic treatment. *Id.* ¶ 47. Ultimately, on July 26, 2022, Shirley Hendricks died from a pressure ulcer. *Id.* ¶ 1.

Plaintiff Frank Hendricks is a surviving child of Decedent, and he filed suit against Defendants for wrongful death.[1] Stated briefly, it is Plaintiff's contention that N & R's nursing facility failed to conduct an assessment of Decedent's developing skin breakdown, failed to offload Decedent's afflicted areas, and failed to implement a "Care Plan" or turning and repositioning program to offload such pressure areas, along with other failures, which resulted in her death. *Id.* ¶¶ 45, 48-49.

## Discussion

Missouri statute requires that in any action against a health care provider for damages for personal injury or death on account of the rendering or failure to render health care services, the plaintiff shall file an affidavit stating that he or she has obtained the written opinion of a "legally qualified health care provider" stating that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would under similar circumstances and that such failure directly caused or contributed to cause the damages claimed. Mo. Rev. Stat. § 538.225.1. A "legally qualified health care provider" is then defined as "a health care provider *licensed in this state or any other state in the same profession as the defendant* and either actively practicing or within five years of retirement from actively practicing *substantially the same specialty as defendant*." *Id.* § 538.225.2 (emphasis added).

Here, Plaintiff filed three Affidavits of Merit attempting to satisfy the prerequisites of § 538.225, and each Affidavit listed Dr. John Kirby as the legally qualified health care provider. *See* Docs. [36], [37], [38]. The Affidavits state that Dr. Kirby is a "physician," "board-certified in internal

---

[1] Mo. Rev. Stat. § 537.080 provides that "[w]henever the death of a person results from any act, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who . . . would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for: (1) [b]y the spouse or surviving children[.]"

2

medicine," and "actively practicing."  *Id.*  It is Defendants' contention that this is insufficient to be "licensed in the same profession as the defendant" or to be in "substantially the same specialty" because Plaintiff has alleged Defendants operated a Missouri licensed nursing home, and the involved medical negligence involves the delivery of nursing care to long term care residents.  Doc. [39] at 4-5.  Plaintiff has attached the opinion to be provided by Dr. Kirby, as well as his curriculum vitae to demonstrate he practices in substantially the same specialty.  Docs. [40-1], [40-2].

The Missouri Supreme Court's "primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue."  *Sender v. City of St. Louis*, 681 S.W.3d 189, 191 (Mo. banc 2024).  Looking to § 538.225.2, the plain language requires a legally qualified health care provider to be "licensed in the same profession as the defendant."  A "health care provider" is defined as "any physician, hospital, health maintenance organization, . . . [or] long-term care facility."  Mo. Rev. Stat. § 538.205(6).  Here, Defendants include N & R of Eldon, a skilled nursing facility; James Lincoln, who "operated, managed, maintained, and/or controlled N & R OF ELDON, INC.;" and Health Systems, Inc., who also "operated, managed, maintained, and controlled N & R OF ELDON, INC."  Doc. [28] ¶¶ 7, 16, 23.  Dr. Kirby is licensed as a physician, which is considered a health care provider, and is sufficient to satisfy the initial licensure requirement of § 538.225.  *See Vaughn v. United States*, 6:07-cv-03412-RED, 2008 WL 11338413, at *1 (W.D. Mo. Apr. 17, 2008) (explaining that when a "plaintiff sues an institutional health care provider" the plaintiff must submit "affidavits of merit from physicians who practice in substantially the same specialties as that of the institutional defendant's employees").

Dr. Kirby also practices substantially the same specialty as Defendants. Specifically, Dr. Kirby has "extensive experience in long term care treatment and geriatric medicine." Doc. [40-1]; Doc. [40-2] (explaining that Dr. Kirby's professional experience includes "nursing home/rehabilitation hospital patient care, office practice, 2011-present").  The Missouri Supreme

3

Court has stated that "[t]o honor [the legislature's] intent, 'substantially the same specialty' must modify 'actively practicing' as well as 'within five years of retirement from actively practicing,'" and that there may be situations where the health care provider may not have the "*exact* board certification as the defendant." *Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 688-689 (Mo. banc 2010). Such is the case here. Dr. Kirby has "substantially the same specialty" as Defendants, a nursing facility, because although he is a physician, he has "extensive experience in long term care treatment and geriatric medicine" and is actively practicing medicine. Doc. [40-1]. Therefore, the Court will deny Defendants' Motion to Dismiss.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [39], is **DENIED**.

Dated this 4th of June 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE